UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN SHEK,

    Plaintiff,

    v.

CALIFORNIA NURSES ASSOCIATION/ C.H.E.U.,

    Defendants.
_____/

No. C 10-4031 PJH

**ORDER GRANTING MOTION TO DISMISS**

Before the court is the motion of defendants California Nurses Association/C.H.E.U. to dismiss the above entitled action. Having read the parties' papers and carefully considered their arguments, and good cause appearing, the court hereby GRANTS the motion.

Pro se plaintiff John Shek was employed as a radiology technician by Alta Bates Summit Medical Center ("Alta Bates") from October 8, 2004 until September 4, 2008, when he was terminated. During this time, he was represented by the California Nurses Association/Caregivers and Healthcare Employees Union ("California Nurses Association/ C.H.E.U." – "the Union"). Charles Maltzahn ("Maltzahn") was the president of the Union, and Joanne Jung ("Jung") was plaintiff's union representative.

Plaintiff was suspended by Alta Bates in May 2008, and subsequently filed an administrative charge against Alta Bates with the Equal Employment Opportunity Commission, alleging discrimination on the basis of race, sex, age, national origin, and color, and also alleging retaliation. He also had Ms. Jung initiate a grievance on his behalf

against Alta Bates.

In August 2008, plaintiff injured his knee at work and reported the injury to Alta Bates, but was not given a worker's compensation form or any treatment. Several days later, Alta Bates again suspended plaintiff, pending an investigation. On August 22, 2008, plaintiff and Ms. Jung met with Alta Bates regarding the suspension. Alta Bates claimed that plaintiff had been suspended for intimidating behavior toward a co-worker and management, insubordinate behavior, falsifying a time card, and sleeping on the job. The suspension continued until September 4, 2008, when plaintiff attended another meeting with Alta Bates. Both Ms. Jung and Mr. Maltzahn were present at the meeting. At that time, plaintiff was given a termination letter.

Plaintiff asked Ms. Jung to initiate another grievance, which she did on September 5, 2008. Another meeting with Alta Bates was held on October 5, 2008. No agreement was reached at the meeting, and the matter was referred to the Board of Adjustment ("BOA"). The BOA hearing was held on February 5, 2009. Ms. Jung represented plaintiff at the meeting. The panel found that plaintiff did not cheat on his time card and that the sleeping-on-the job claim was not warranted.

Following the hearing, Ms. Jung informed plaintiff that the Union would not arbitrate the grievance because it had been filed before the Union contract was ratified. She urged plaintiff to settle with Alta Bates for $5,000, but plaintiff refused. The grievance was closed on April 8, 2009. Plaintiff subsequently challenged the Union's decision not to arbitrate with the NLRB. In support of his challenge, he submitted a "confidential witness affidavit" dated May 1, 2009, which included the above allegations regarding his interactions with Alta Bates, the Union, Ms. Jung, and Mr. Maltzhan.

On May 26, 2009, the Regional Director denied plaintiff's request for relief. Plaintiff appealed the Regional Director's decision, but that appeal was denied on October 2, 2009. The NLRB found that the Union's actions were not motivated by discriminatory, arbitrary, or capricious considerations as required to constitute a violation of § 8(b)(1)(A) of the National Labor Relations Act ("NLRA"). The NLRB also declined to issue an unfair labor practice

complaint.

On April 7, 2010, plaintiff filed case No. C-10-1483 EMC in this court, naming as defendants the Union, Ms. Jung, and Mr. Maltzhan, and alleging a claim of breach of the duty of fair representation under federal law, plus other claims including state law claims. Defendants filed a motion to dismiss, after which plaintiff moved to amend the complaint to add a claim of breach of fiduciary duty under state law, and a claim under the Americans With Disabilities Act ("ADA").

On August 9, 2010, the court issued an order denying the motion for leave to amend the complaint, on the basis that amendment would be futile, as state law tort actions against unions are preempted by federal labor law where "the duty to the employee of which the tort is a violation is created by a collective bargaining agreement and without existence independent of the agreement." Order at 6 (quoting United Steelworkers of Am., AFL-CIO-CLC v. Rawson, 495 U.S. 362, 369 (1990). The court found that because plaintiff's state law claim for breach of fiduciary duty was based on the collective bargaining agreement, it was preempted. The court found further that the ADA claim could not proceed because plaintiff had failed to allege any facts in support of the claim, and also because he had failed to exhaust administrative remedies by filing a timely administrative charge against the Union or the individual defendants with the EEOC.

In the same order, the court granted the motion to dismiss. The court found that plaintiff could not state a claim for breach of the duty of fair representation because the claim was time-barred. The statute of limitations for such a claim is six months, see DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 154-55 (1983), and nearly eleven months had elapsed from the time that plaintiff knew of the alleged breach of the duty of fair representation until he filed the complaint, and the court could find no basis for equitably tolling the running of the limitations period. As a further basis for dismissing the claim against the individual defendants, the court noted that individual defendants are immune from such claims. See Carter v. Smith Food King, 765 F.2d 916, 920-21 (9th Cir. 1985). Plaintiff subsequently filed a motion for reconsideration, which was denied on

3

1  September 28, 2010.

2  Meanwhile, on September 3, 2010, plaintiff filed the present action, asserting breach
3  of contract and breach of the duty of fair representation, against the California Nurses
4  Association/C.H.E.U., in connection with his discharge from employment by Alta Bates, and
5  the Union's representation of him in the grievance proceedings.  The Union now seeks
6  dismissal of the case, arguing that plaintiff's claims are barred under the doctrine of claim
7  preclusion.

8  The court finds that the motion must be GRANTED.  Under the doctrine of claim
9  preclusion (res judicata), a final judgment on the merits of an action precludes the parties
10 or persons in privity with them from relitigating the same claim that was raised in that action
11 – or any claim arising out of the same transaction or occurrence.  See Taylor v. Sturgell,
12 553 U.S. 880, 892 (2008).  By precluding the parties from contesting matters that they had
13 a full and fair opportunity to litigate, the doctrine of res judicata "protect[s] against the
14 expense and vexation attending multiple lawsuits, conserve[s] judicial resources, and
15 foster[s] reliance on judicial action by minimizing the possibility of inconsistent decisions."
16 Id. (quotation and citation omitted).

17 Plaintiff in this case brings the same claim (breach of the duty of fair representation)
18 against the same party (the Union) seeking the same relief (damages and reinstatement)
19 as he did in the first case.  The decision in the first case – in which the court dismissed the
20 complaint for failure to state a claim because plaintiff's claims were time-barred – was a
21 final judgment on the merits.  Accordingly, the present action must be dismissed.

22 The date for the hearing on defendants' motion, previously set for November 17,
23 2010, is VACATED.

24

25 **IT IS SO ORDERED.**

26 Dated:  November 10, 2010

27 _____
   PHYLLIS J. HAMILTON
   United States District Judge
28

4